## Keystone Auto Gas and Oil Service Co. v. Buckingham.

*Judgments — Judgment by confession—Rule to open—Inducement—Misrepresentations—Evidence—Sufficiency.*

Upon a rule to open a judgment, entered in pursuance of a warrant of attorney contained in a judgment note, it appeared that the defendant was induced to make the note by representations of the agent of the plaintiff that its proceeds would be used along with other moneys to erect a large gasoline and oil service station and other conveniences upon a certain designated plot in the town of Berwick. The defendant was promised large returns upon his investment. No such building was erected, but a small gasoline stand was set up at a distant location. The defendant testified that he would not have signed the note had he not believed the representations of the agent of the plaintiff, especially that which described the particular location of the proposed building. There was no contradiction of any part of the defendant's testimony, and in some respects it was corroborated: *Held*, the testimony recited was sufficient to justify opening the judgment and letting the defendant into his defence.

Rule to open judgment. C. P. Columbia Co., May T., 1922, No. 129.

*W. E. Elmes* and *C. W. Dickson*, for rule.

*C. C. Evans* and *J. L. Evans*, contra.

POTTER, P. J., 17th judicial district, specially presiding, June 8, 1923.—From the records of this case we gather that, about Nov. 3, 1921, and shortly before and after that date, the plaintiff, by its agent or representative, was soliciting subscriptions in Berwick, Columbia County, for the erection of an auto service station, to be located in Berwick, for the purpose of supplying motor-vehicles with gasoline and oil. That the soliciting was done by one Cyril Taylor, who held himself out as an agent for the plaintiff company.

That the said Taylor approached the defendant and requested him to sign up for and purchase stock for the erection of the said service station. That, as an inducement held out to the defendant, the said Taylor told him the service station would be a large building containing toilets, rest and comfort-rooms for traveling men and women. That he wanted to sell fifty certificates of stock at $250 each, thus making a total of $12,500 to be derived from the sale of the said certificates, and that the plaintiff company would put up a like sum, all of which was to be used for the erection of the said service station. That if the said fifty certificates could not be sold, the service station would not be built and the money of the subscribers would be returned to them. That he (Taylor) had already taken an option on the "Muster Corner," this being a very desirable location, centrally located in the town of Berwick and favorable to the transaction of a large volume of business, for the sum of $15,000. That, as the volume of business increased, from the profits of the business these certificates of $250 each would be redeemed by the company paying to each holder for each certificate the sum of $500. That upon these representations the defendant subscribed for one certificate of $250, he then and there signing the following agreement therefor:

"APPLICATION BLANK. Original.
"Keystone Auto Gas and Oil Service Co.
"Pittsburg, Pa. Date, November 3, 1921.
"I hereby subscribe for $500 Participating Operation Certificate in a service station to be established in Berwick, Pa., and agree to pay $250.00 for the same. Said certificate to be issued to me subject to the terms and conditions therein set forth, a specimen of which I have read and understand.

"It is agreed that the style and location of said station shall be determined by the Architectural and operating departments, respectively, of your company.

"It is agreed that if, for any reason, you should decide not to build said station, the aforesaid sum that I have paid you shall be returned to me.

"It is agreed by the Corporation that it will protect the interest of said certificate holder as set forth in said certificate 3075.

"It is agreed by me that this application and the specimen of the participating operation certificate constitutes my entire agreement with you and is not binding on your company until accepted by an officer thereof.

Name H. S. BUCKINGHAM,
Cyril Taylor, Address 331 Market Street,
    Representative. Berwick, Pa."

And at the same time he signed and delivered to the said agent of the plaintiff company the following note:

"$250.00. Berwick, Pa., Nov. 3rd, 1921.
"Ninety days after date I promise to pay to the order of Keystone Auto Gas and Oil Service Co. Two Hundred and Fifty dollars with interest without defalcation, for value received, and do hereby confess judgment for said sum with costs of suit, five per cent. for collection fees, waiving the right of appeal, errors and inquisition, stay of execution, and all exemption laws in this or any other state.

Witness my hand and seal H. S. BUCKINGHAM SEAL
Witness Cyril Taylor. ———————————— SEAL"

That sometime afterward the defendant learned that the plaintiff company would not erect the said service station on the "Muster Corner," and that they
3 D. & C.

in fact did erect it in West Berwick, upwards of a half a mile away from the "Muster Corner," and that they were erecting a small building in size about fifteen by eighteen feet, costing approximately $1500 to $2000, on a lot estimated to be worth not more than $1000, located in a more remote part of Berwick and not nearly so favorable for the business for which it was proposed to erect it. That the defendant then refused to pay his said note or to receive the said certificate, upon which the note was entered of record and an execution issued, by virtue of which the Sheriff of Columbia County levied upon articles of personal property belonging to the defendant, who then presented his petition to the Court of Common Pleas of Columbia County, asking for the stay of the execution and for a rule upon the plaintiff requiring them to show cause why the said judgment of $250 should not be opened and the defendant let into a defence.

The defendant testifies that it was only on the representations of this agent of the plaintiff company, namely, that the building would be erected on the "Muster Corner," that the building would be large and commodious enough to contain toilets, waiting-rooms and comfort-rooms for both men and women, that he subscribed for the said certificate and gave his note for the sum of $250; that had he known that the building was to be located where it now is and of such small dimensions, he would not have put a dollar into it.

Similar testimony is also given by at least fourteen other persons who were likewise induced to subscribe for certificates upon practically the same representations, and who would not have subscribed had not these representations been made, namely, that the building was to be erected on the "Muster Corner," that it would contain waiting-rooms, toilets, comfort-rooms, &c., for men and women.

The testimony of these fourteen other persons is not regarded in this behalf as tending to show that the defendant signed either the agreement or the note or what was said or done at that time. It would be incompetent for that purpose. But we do think it is corroborative testimony of the statements as detailed by the defendant as having been made to him by Taylor as the agent of the plaintiff company, and for that purpose we are considering it in making disposition of the rule.

We have no testimony whatever on the part of the plaintiff; therefore, we must regard the testimony of the petitioner as unchallenged, and, therefore, true.

It is true the agreement specifies that the location and style of the said service station is to be determined by the architectural and operating department of the company. The testimony of the petitioner does not contradict this. We take it that when the defendant signed the agreement and the note, he fully believed the location of the station had been determined upon and that the verbal option on the "Muster Corner" had been taken for that purpose. He says so, at any rate, and he is not contradicted. The testimony does not, in our judgment, attempt to vary the terms of the written agreement, but it does very emphatically set out the inducement that caused the defendant to subscribe for the certificate, as hereinbefore set out.

The last paragraph of the agreement provides that the agreement is not binding on the company till it is accepted by an officer thereof. We can find nothing among the records of the case showing, or even tending to show, that this agreement has been accepted by an officer of the company. If that is true, that it has not been accepted by the company, then it is not binding on the company, and if it is not binding on the one party to it, how can it be binding on the other?

The defendant claims the inducements made by Taylor to him were the sole cause of his signing up for the certificate and for his signing of the note. This is not denied. From all the testimony produced on this rule, we feel that in all fairness and justice this defendant should have an opportunity to present his defence in open court.

And now, to wit, June 8, 1923, the rule is made absolute, the judgment is opened and the defendant is let into a defence.

From Charles P. Ulrich, Selins Grove, Pa.